Affirmed and Memorandum Opinion filed April 21, 2005









Affirmed and Memorandum Opinion filed April 21, 2005.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-01362-CR

____________

 

THOMAS COX
MITCHELL,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 185th
District Court

Harris County, Texas

Trial Court Cause No. 951,911

 



 

M E M O R A N D U M   O P I N I O N

This is an appeal from a conviction for
possession of cocaine with intent to deliver. 
Appellant Thomas Cox Mitchell argues in two issues that the trial court
erred by failing to grant a mistrial or strike the testimony of a police
officer based on a violation of the witness sequestration rule.  We affirm.








Appellant was arrested by two police
officers, both of whom testified at appellant’s trial.  Officer J.N. Cardenas testified on the first
day of trial and for a short time on the second day.  Officer Jonathan Fraley testified on the
second day of trial.  Before trial began,
the trial court announced that “the Rule,” or Rule 614 of the Texas Rules of
Evidence, which excludes witnesses from the courtroom so that they cannot hear
the testimony of other witnesses, had been invoked and that while outside the
courtroom witnesses should not discuss their testimony with each other.  See Tex.
R. Evid. 614.

On the morning of the trial’s second day,
before the trial had resumed, Officers Cardenas and Fraley met together with
the prosecutor.  At the meeting, the
prosecutor apparently went over the questions that he would be asking each
officer that day.  Appellant contended
that this meeting violated the Rule and objected to Officer Fraley’s being
permitted to testify.  The trial
court withheld ruling and allowed Officer Fraley’s testimony.  In the presence of the jury, both officers
testified that at the meeting, Officer Cardenas’s first-day testimony was not
discussed in the presence of Officer Fraley. 


During a break in Officer Fraley’s
testimony, the trial court held a hearing to discuss the officers’ potential
Rule 614 violations.  At the hearing,
appellant moved for a mistrial and moved to strike Officer Fraley’s
testimony.  The trial court acknowledged
that the meeting between the officers and the prosecutor violated Rule 614, but
denied both motions.

In two issues, appellant argues that the
trial court erred in denying his motion for mistrial and motion to strike
Officer Fraley’s testimony.  Appellant
maintains the trial court erred in allowing Officer Fraley to testify after
Officer Fraley violated Rule 614.  We
review a trial court’s decision to allow a witness who violates the Rule to
testify under an abuse of discretion standard. 
Bell v. State, 938 S.W.2d 35, 50 (Tex. Crim. App. 1996).  In reviewing the trial court’s decision to
allow the testimony, we look at whether appellant was harmed or prejudiced by
the witness’s violation.  Id.  Two criteria for determining injury or
prejudice in this situation are (1) whether the witness actually conferred with
or heard testimony of other witnesses and (2) whether the witness’s testimony
contradicted testimony of a witness from the opposing side or corroborated
testimony of a witness he had conferred with or heard.  Id.








Assuming the officers’ meeting with the
prosecutor violated the Rule, we do not find any resulting harm or prejudice to
appellant.  Appellant cross-examined both
officers about their meeting with the prosecutor before the second day of
trial.  Officer Fraley testified that
Officer Cardenas’s first-day testimony was not discussed at this meeting.  Officer Cardenas testified that his first-day
testimony was not discussed in front of Officer Fraley, but that he did discuss
his first-day testimony with the prosecutor during a short period when Officer
Fraley left the meeting.  Both officers
testified that although the prosecutor went over the questions that he planned
to ask each officer, they did not discuss their answers.

Appellant argues that he was harmed
because Officer Fraley’s testimony corroborated Officer Cardenas’s
testimony.  It is true that portions of
each officer’s testimony regarding the appellant’s arrest are similar.  Both testified that they approached appellant
and another man on foot; that when appellant became aware of the officers’
presence, he tried to swallow a small plastic bag containing a white substance;
and that appellant then spit out the bag and threw it onto a second-floor
balcony.  

However, there are also several
differences between the two officers’ testimony.  For example, Officer Cardenas testified that
the two officers went to the apartment complex where appellant was arrested in
order to perform a trespass investigation or to look for gang members; Officer
Fraley testified that they were there to perform a standard walk-through.  Officer Cardenas heard the man with appellant
say, “Hey, the cops are here.”  Officer
Fraley could not hear what the man said. 
Also, Officer Cardenas detailed the manner in which he retrieved the bag
appellant threw; whereas, during that time, Officer Fraley arrested appellant
and escorted him to the patrol car, which was a few hundred feet away.  Officer Cardenas testified that appellant was
initially arrested for littering, and Officer Fraley testified that the arrest
was for cocaine possession.  After
appellant was arrested, he complained that the handcuffs were too tight around
his wrists.  When Officer Fraley
attempted to loosen the handcuffs, appellant tried to flee.  Officer Fraley grabbed onto appellant, swung
him around toward Officer Cardenas, and Officer Cardenas then struck appellant
across the nose with his flashlight. 
Officer Cardenas testified that he swung at and struck appellant once;
whereas, Officer Fraley testified that Officer Cardenas swung at appellant
twice and struck him once.








Further, Patrick Foster, a defense witness
who was the other man present when appellant was arrested, largely corroborated
both officers’ testimony regarding appellant’s arrest.  Foster testified appellant had a bag of
marijuana, not cocaine; appellant first put the bag in his mouth when the
officers arrived; and appellant then spit out the bag and threw it up in the
air.  Foster also stated that after
appellant was arrested, one of the officers led appellant away.

Because only portions of the officers’
testimony corroborate each other and because these portions are largely
corroborated by Foster’s testimony, there is no evidence that the meeting
between the officers and the prosecutor influenced Officer Fraley’s
testimony.  Accordingly, we find that the
trial court did not abuse its discretion in allowing Officer Fraley to
testify.  See Potter v. State, 74
S.W.3d 105, 111 (Tex. App.—Waco 2002, no pet.) (finding no abuse of discretion
in allowing testimony from witnesses who were heard discussing case outside
courtroom when nothing in record indicated that witnesses’ conversation
affected their testimony); Reed v. State, 14-02-00671-CR, 2003 WL
21782537, at *3 (Tex. App.—Houston [14th Dist.] July 31, 2003, pet. ref’d) (not
designated for publication) (holding no abuse of discretion in allowing
testimony from witnesses who discussed case in violation of the Rule when there
was no evidence that discussion influenced witnesses’ testimony).

Because we find that the trial court did
not abuse its discretion in allowing Officer Fraley to testify, there was no
error in denying appellant’s motion to strike Officer Fraley’s testimony or
motion for mistrial based on Officer Fraley’s testimony.

The judgment of the trial court is
affirmed.

 

/s/      Leslie Brock Yates

Justice

 

Judgment
rendered and Memorandum Opinion filed April 21, 2005.

Panel
consists of Justices Yates, Edelman, and Guzman.

Do
Not Publish — Tex. R. App. P.
47.2(b).